UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JOE HIRSCHFIELD,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>U.S. BORDER PATROL, *et al.*,<br><br>　　　　　　　　　　　　Defendants. | Case No. 11cv2769 DMS (BLM)<br><br>**ORDER GRANTING MOTION TO PROCEED** ***IN FORMA PAUPERIS*** **AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

　　In this civil rights action, Plaintiff, a non-prisoner proceeding *pro se*, filed a complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP" and "IFP Motion," respectively). For the reasons which follow, Plaintiff's IFP Motion is **GRANTED** and the complaint is **DISMISSED WITH LEAVE TO AMEND**.

　　Every party instituting a civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(d). Accordingly, Plaintiff's IFP Motion is **GRANTED** pursuant to 28 U.S.C. § 1915(a).

　　A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious,

- 1 -

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Upon review of allegations in Plaintiff's complaint, the Court finds they are insufficient for purposes of *sua sponte* screening under section 1915(e)(2)(B). To the extent Plaintiff is alleging federal constitutional violations, the action must be brought against the responsible federal officials in their respective individual capacities. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). To the extent Plaintiff is proceeding pursuant to the Americans with Disabilities Act, his complaint must specify his disability and explain how Defendants' actions discriminated against him based on the disability. Finally, the complaint should state what relief is requested. *See* Fed. R. Civ. Proc. 8(a)(3). Based on the foregoing, the complaint is **DISMISSED WITH LEAVE TO AMEND** pursuant to 28 U.S.C. Sections 1915(e)(2)(b) & 1915A(b). If the pleading deficiencies set forth above are not addressed in the amended complaint, the amended complaint may be dismissed with prejudice and without further leave to amend.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's IFP Motion is **GRANTED**.

2. The complaint is **DISMISSED WITH LEAVE TO AMEND**. No later than forty-five (45) days from the date of this order, Plaintiff shall file an amended complaint, if any, which addresses each deficiency of pleading noted above. Plaintiff's amended complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. Loc. Rule 15.1. Defendants not named and all claims not re-alleged in the amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: December 6, 2011

HON. DANA M. SABRAW
United States District Judge